**In re TRANSIT COMPANY TIRE ANTITRUST LITIGATION.**

**M.D.L. No. 111.**

**No. 20690–4.**

United States District Court,
W. D. Missouri, W. D.

March 18, 1975.

Thomas E. Ashe, Miami, Fla. (Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, Fla.), for plaintiff.

Alvin D. Shapiro, Kansas City, Mo., John A. Gentry, III, West Palm Beach, Fla., Frederic B. Burns, Miami, Fla., for defendants.

Harry P. Thomson, Jr., Kansas City, Mo., liaison for plaintiff.

ORDER SEVERING COUNTER-CLAIMS AND SUGGESTION OF TRANSFEREE JUDGE TO PANEL ON MULTIDISTRICT LITIGATION FOR REMAND OF PLAINTIFF'S CLAIMS TO TRANSFEROR COURT

ELMO B. HUNTER, District Judge.

This matter is presently before the Court upon the motion of Uniroyal, Incorporated, plaintiff in Civil Action No. 20690 which has been transferred to this Court under the provisions of Section 1407 of Title 28, United States Code, to strike the amended affirmative defenses and sever the amended counterclaim of Transit Company of the Palm Beaches, Inc., Turfway Lines, Inc., and Transit Company of Daytona Beach, Inc., and to transfer the action of Uniroyal, Inc., against the defendants-counterclaimants to the court of origin. Counterclaimants have asserted opposition to Uniroyal's motion.

It is apparent from the files and records in the cases which were transferred to the undersigned judge by the Judicial Panel on Multidistrict Litigation on November 17, 1972, that the action of Uniroyal, Inc., v. Transit Company of the Palm Beaches, Inc., Turfway Lines, Inc., and Transit Company of Daytona Beach, Inc., Civil Action No. 20690–4 was included in the order of transfer because of the presence of the amended counterclaim which had been asserted in that action. That amended counterclaim asserts claims similar to those asserted by the plaintiffs in the other actions which have been transferred to this Court and is clearly properly transferred to the undersigned under the provisions of Section 1407 of Title 28, United States Code.

The claim of plaintiff, Uniroyal, Inc., asserted against defendants and counterclaimants in this action is essentially one to enforce payments of sums which are allegedly due and owing under the terms of a "Tire Mileage Agreement" between plaintiff Uniroyal and the defendants for the period April 13, 1966 to March 31, 1971. Jurisdiction on plaintiff's complaint is asserted on diversity of citizenship and an amount in controversy in excess of $10,000.00. 28 U.S.C. § 1332. Defendants have denied the allegations of plaintiff's complaint and asserted that plaintiff has violated a consent decree concerning Mileage Tire Agreements entered by the Federal Trade Commission of February 4, 1971, and that such violations constitute an affirmative defense to plaintiff's claims. Defendants concede in their brief on the merits of the asserted affirmative defense that a private right of action does not lie under the Federal Trade Commission Act, 15 U.S.C. § 45. The counterclaim alleges violation by Uniroyal, Inc., of the Sherman Act and Clayton Act, and injury arising out of the April, 1966 to March, 1971 agreement.

Although the claims of plaintiff Uniroyal, Inc., and the defendants' counterclaim arise out of the Mileage Tire Agreement for the period of April 13,

1966 to March 31, 1971, between plaintiff and defendants, it is clear that the claims and counterclaims differ substantially in the issues of law and fact which will arise. Because of the substantial difference in the questions of law and fact involved, and because the Court is of the opinion that the presence of Uniroyal's claims will interfere with the coordinated and consolidated pretrial proceedings on the claims in this multidistrict litigation which are similar to the counterclaims in the instant action, the Court finds that the interests of judicial economy will best be served by a severance of the claims and counterclaim for separate pretrial processing. The Court can see no substantial prejudice which will arise from such a severance for pretrial processing. The undersigned judge suggests a return of the claims of Uniroyal to the transferor court for pretrial procedures. The decision on whether or not to grant a separate trial on the claims, or to await remand of the counterclaims for trial, and the determination of the plaintiff's motion to strike affirmative defenses can be made by the transferor court.

Accordingly, for the reasons stated the claims and counterclaims asserted in Civil Action No. 20690–4 are hereby ordered severed for all further pretrial proceedings. Because the claims of plaintiff Uniroyal, Incorporated in this action are not directly related to the matters which have been transferred to this Court by the Judicial Panel on Multidistrict Litigation, it is at this time recommended, pursuant to 28 U.S.C. § 1407 (a) and Rule 15(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation that the claim of Uniroyal Incorporated against Transit Company of the Palm Beaches, Inc., Turfway Lines, Inc., and Transit Company of Daytona Beach, Inc., be remanded to the United States District Court for the Southern District of Florida, the transferor court, for all further proceedings.

It is so ordered.